UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN MEROLLA,<br><br>                              Plaintiff,<br><br>vs.<br><br>COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, DETECTIVE JAMES B. BRODIE, DETECTIVE SALERNO, DETECTIVE NAPALITANO-FERRO, AND LIEUTENANT EDWARD V. SHANAHAN,<br><br>                              Defendants. | AMENDED<br><br>COMPLAINT<br><br>Index No. 19-cv-4504 |

Plaintiff JONATHAN MEROLLA, by his attorney at RICKNER PLLC, complaining of the defendants, respectfully alleges the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff Jonathan Merolla, brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to the statutory and common law of the State of New York for assault, battery, and false imprisonment; pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his rights under the Constitution of the United States of America; and under the New York State Constitution.

2.  On May 8, 2018, at approximately 10 p.m., Jonathan Merolla was arrested in his residence at 764 Lenore Lane, Elmont, New York, without a warrant or any justification, by the individual officers named here as well as other unknown officers of the Nassau Police Department. The sole reason for the arrest was that Mr. Merolla failed to help the police arrest

1

his own mother, despite the fact it was apparent Mr. Merolla had no idea what was going on, and it was not safe at all for him to interject himself into an on-going police action.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) and the aforementioned statutory and constitutional provisions.

4. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any and all New York State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

5. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), and 28 U.S.C. § 1402(b), where plaintiff resides and the defendant maintains its relevant places of business, and where the actions complained of herein occurred.

6. Prior hereto Plaintiff in conjunction with his State claims filed a Notice of Claim in compliance with General Municipal Law Section 50 et. seq.

7. That more than 30 days have elapsed and Defendants have failed and refused to pay Or adjust same.

## JURY DEMAND

8. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

9. At all times hereinafter mentioned, the plaintiff Jonathan Merolla ("Mr. Merolla" or "Plaintiff") was a resident of the County of Nassau, State of New York.

10. The Defendant County of Nassau (hereinafter "County") is a duly constituted municipal corporation of the State of New York and is and was the employer of Detectives James B. Brodie, Salerno, and Napalitano-Ferro, as well as Lieutenant Edward V. Shanahan, and certain unnamed police officers and Detectives, and other personnel.

11. The Defendant Nassau County Police Department (hereinafter "Nassau Police") is an agency of the County. The Nassau Police and County are herein intended to be one sueable entity and any reference to Nassau Police is a reference to the sueable entity which is County.

12. Upon information and belief, during all times relevant to this Complaint, Detective James B. Brodie ("Det. Brodie"), sued in his individual capacity, was and is a citizen and resident of the State of New York.

13. Det. Brodie at all times herein mentioned was a Police Officer employed by the County, was under the direction of the Nassau Police and County, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or County, and acting in his individual and official capacity.

14. Det. Brodie is entitled to indemnification by the County pursuant to law and/or contract.

15. Upon information and belief, during all times relevant to this Complaint, Detective Salerno (first name unknown) ("Det. Salerno"), sued in his or her individual capacity, was and is a citizen and resident of the State of New York.

16. Det. Salerno at all times herein mentioned was a Police Officer employed by the County, was under the direction of the Nassau Police and County, and was acting in furtherance of the scope of his or her employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or County, and acting in his individual and official capacity.

17. Det. Salerno is entitled to indemnification by the County pursuant to law and/or contract.

18. Upon information and belief, during all times relevant to this Complaint, Detective Napalitano-Ferro (first name unknown) ("Det. Napalitano-Ferro"), sued in his or her individual capacity, was and is a citizen and resident of the State of New York.

19. Det. Napalitano-Ferro at all times herein mentioned was a Police Officer employed by the County, was under the direction of the Nassau Police and County, and was acting in furtherance of the scope of his or her employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or County, and acting in his individual and official capacity.

20. Det. Napalitano-Ferro is entitled to indemnification by the County pursuant to law and/or contract.

21. Upon information and belief, during all times relevant to this Complaint, Lieutenant Edward V. Shanahan ("Lt. Shanahan"), sued in his individual capacity, was and is a citizen and resident of the State of New York.

22. Lt. Shanahan at all times herein mentioned was a Police Officer employed by the County, was under the direction of the Nassau Police and County, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies,

customs, and usages of the State of New York and/or County, and acting in his individual and official capacity.

23. Lt. Shanahan is entitled to indemnification by the County pursuant to law and/or contract.

24. Collectively, defendants Det. Brodie, Det. Salerno, Det. Napalitano-Ferro, and Lt. Shanahan are referred to herein as the "Individual Defendants."

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

25. At approximately 10 p.m. on May 8, 2018, Mr. Merolla heard a commotion outside and then in his home. He walked to the top of the stairs and saw two people, not wearing uniforms, apparently assaulting his mother, who was wrestling with them.

26. One of the two people asked Mr. Merolla to help (by telling his mother to calm down). Mr. Merolla did not realize what they said, or what they wanted, because he was shocked by what he saw.

27. Mr. Merolla was quite obviously confused by the strange ordeal, and told everyone to stop fighting.

28. The two people attacking Mr. Merolla's mother were, in fact, two of the Individual Defendants, and the remainder, on information and belief, were outside the house.

29. Eventually, they said they were police officers, although they did not show any credentials and Mr. Merolla said he was not sure they were telling the truth. The officers were in regular street clothes and the car outside did not appear to be a police car.

30. Mr. Merolla's mother was in the process of, apparently, defending herself against the attackers.

31.     The Individual Defendants were apparently unhappy that Mr. Merolla did not join into the melee – against his own mother – so they arrested him under New York Penal Law § 195.10 "Refusing to aid a peace or a police officer."

32.     This arrest was improper because New York Penal Law § 195.10 only applies if the refusal to aid a police officer was unreasonable. No police officer would think that it was reasonable for Mr. Merolla to join into an ongoing fight between (unbeknownst to him) two police officers and his own mother who was defending herself.

33.     In fact, if Mr. Merolla had approached the officers during the arrest of his mother, it is likely he would have been arrested (or at great risk of arrest) for committing Obstructing Government Administration under New York Penal Law § 195.05. No reasonable officer could believe it was lawful to arrest Mr. Merolla for failing to take actions that would likely be a crime.

34.     Similarly, if Mr. Merolla had come down the stairs, he could have been shot by officers who thought he was going to attack them.

35.     Further, New York Penal Law § 195.10 is unconstitutionally vague, and in addition any reasonable police officer would recognize that forcing someone to assist in an arrest is a violation of the Fourth Amendment as an unreasonable seizure.

36.     Mr. Merolla was held overnight and released May 10, 2018.

## INJURIES AND DAMAGES

37.     This action seeks damages on behalf of Plaintiff for the extraordinary emotional pain and suffering, loss of liberty, and injuries to his person, that Plaintiff was forced to endure as a consequence of Defendants' decidedly wrongful actions.

38.     Plaintiff did not commit any illegal acts or offenses on May 8, 2018.

39. The conduct of the Individual Defendants, who acted at all times under color of state law and within the scope of their employment and authority, directly and proximately caused Plaintiff to suffer loss of liberty, serious physical and emotional injury, mental anguish, humiliation and embarrassment.

40. The Individual Defendants acted with reckless and wanton disregard for the rights of Plaintiff.

41. As a result of all of the acts alleged herein, Plaintiff suffered and continues to suffer physical and mental pain and anguish, and emotional distress.

42. All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

**FIRST CLAIM FOR RELIEF:
BATTERY UNDER STATE LAW AGAINST THE COUNTY,
NASSAU POLICE, AND THE INDIVIDUAL DEFENDANTS**

43. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

44. On May 8, 2018, the Individual Defendants intentionally made physical contact with Plaintiff by arresting him without justification, and a reasonable person would find this contact offensive.

45. This physical contact was without Plaintiff's consent.

46. Defendants the County and Nassau Police are vicariously liable for the actions of the Individual Defendants, and thus for Plaintiff's injury and damages, because the Individual Defendants were acting in furtherance of County and Nassau Police business and within the scope of County and Nassau Police authority.

47. As a result of the above impermissible conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

### SECOND CLAIM FOR RELIEF:
### FALSE IMPRISONMENT UNDER STATE LAW AGAINST THE COUNTY, NASSAU POLICE, AND THE INDIVIDUAL DEFENDANTS

48. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

49. On May 8, 2018, Plaintiff was arrested, handcuffed, and detained in the absence of probable cause by the Individual Defendants.

50. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

51. Plaintiff was conscious of the confinement and did not consent to such confinement.

52. Defendants the County and Nassau Police are vicariously liable for the actions of the Individual Defendants, and thus for Plaintiff's injury and damages, because the Individual Defendants were acting in furtherance of County and Nassau Police business and within the scope of County and Nassau Police authority.

53. As a result of the above impermissible conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

### THIRD CLAIM FOR RELIEF:
### FALSE ARREST UNDER 42 U.S.C. § 1983
### AGAINST THE INDIVIDUAL DEFENDANTS

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

55. On May 8, 2018, Plaintiff was arrested, handcuffed, and detained in the absence of probable cause by the Individual Defendants

56. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of his civil rights guaranteed under the Fourth Amendment of the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

57. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

**FOURTH CLAIM FOR RELIEF:**
**VIOLATION OF ARTICLE I, § 12 OF THE NEW YORK STATE CONSTITUTION AGAINST THE COUNTY, NASSAU POLICE, AND THE INDIVIDUAL DEFENDANTS**

58. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

59. That by virtue of the aforementioned acts, the Individual Defendants are liable to Plaintiff for violating his right to be free of unreasonable and unlawful searches and seizures under Article I, § 12 of the New York State Constitution.

60. The acts and conduct of the agents and employees of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

61. Defendants the County and Nassau Police are vicariously liable for the actions of the Individual Defendants, and thus for Plaintiff's injury and damages, because the Individual Defendants were acting in furtherance of County and Nassau Police business and within the scope of County and Nassau Police authority.

62. As a result of the above impermissible conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom

**WHEREFORE**, Plaintiff Jonathan Merolla demands the following relief jointly and severally against all of the defendants:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    The convening and empaneling of a jury to consider the merits of the claims herein;

    d.    Costs and interest and attorney's fees;

    e.    Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
September 6, 2019

Rickner PLLC

By:    /s/

Rob Rickner

233 Broadway Suite 2220
New York, New York 10279
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*