

**LAURA CURRAN**
County Executive

**JARED A. KASSCHAU**
County Attorney

# COUNTY OF NASSAU
## OFFICE OF THE COUNTY ATTORNEY

December 10, 2019

**Via ECF**

Hon. Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Merolla v. County of Nassau, et al.
                CV-19-4504 (MKB) (RLM)

Dear Judge Mann:

      This office represents the defendants in the above-referenced matter. At the Initial Conference held on November 4, 2019 the Court engaged in settlement discussions. The parties were to report back by November 8 whether they would agree to the Court's settlement proposal. As noted in an Order dated November 8 (DE 21) each of the parties accepted the suggested settlement proposal and were directed to file a Stipulation of Discontinuance by December 9, 2019.

      This communication is sent to explain why the Stipulation has not been filed as directed and to request additional time to do so.

      The settlement was accepted in principle and the parties contemplated entering into a Settlement Agreement and Release. Upon information and belief, the settlement terms were not memorialized on November 4 or 8, 2019 but, instead, were to be formalized in a written Settlement Agreement and General Release. Accordingly, on behalf of the file attorney who was out of the office, the undersigned forwarded the settlement packet to Plaintiff's counsel approximately 2 weeks ago.

      As of this writing, despite the parties still intending to resolve the action at this early stage of the litigation, settlement documents have not yet been executed. Three issues remain:

1. Waiver of speedy payment pursuant to CPLR § 5003-a;
2. Settlement conditioned on final approval; and
3. Waiver of jury trial for any disputes related to the enforcement of the settlement agreement.

Item 3 – waiver of jury trial relates to any proceedings necessary to enforce the terms of the Settlement Agreement (the "Agreement"). Because interpretation of those provisions would be a matter of law and not a factual question, we believe that waiver of a jury trial under those conditions is appropriate.

Items 1 and 2 are the "sticking points."

Item 1 refers to Paragraph 3 of the Agreement which seeks a waiver of CPLR § 5003-a. The reason for this is because the processing and payment of settlements sometimes exceeds ninety (90) days for a variety of reasons.

Paragraph 3 specifies that the County Attorney's Office will exercise due diligence to process settlement documents once signed copies are received from Plaintiff's counsel.

The matter would then be transferred to the Comptroller and then Treasurer's Offices for processing and, the eventual issuance of the settlement funds. Because the internal processes of the Comptroller's and Treasurer's offices are beyond our control, we are unable to provide Plaintiff's counsel with a date by which payment will be made. The undersigned has represented to Merolla's attorney that the settlement will be paid under the 2020 budget and as early in the year as practical. It is certainly hoped that payment will be made quickly, but to prevent the imposition of interest, we requested a waiver of the statutory deadline.

With respect to Item 2 (Paragraph 16 of the Agreement) all settlements are subject to final approval by the County Executive and, where applicable, by the Nassau County Legislature and state financial regulator Nassau Interim Finance Authority. Paragraph 16 of the Agreement sets that out clearly. This is not a provision that can be waived. As pertinent to this matter, the file attorney has already sought final approval for the settlement.

In the improbable event that final approval of the settlement is denied, Plaintiff's recourse is to proceed with the litigation of his case. If Plaintiff would like to resolve this action, he should execute the Settlement documents and return them to this office in order that we proceed to process them.

Finally, it is believed that Plaintiff would prefer to file stipulations of discontinuance only after the settlement is funded. This is a reasonable request to which the Defendants have no objection.

For the reasons set forth above, it is respectfully requested that the Court pardon the Parties' delay in filing stipulations of discontinuance and grant an extension of time to do so once the settlement is paid.

Respectfully submitted,

*Liora M. Ben-Sorek*
Liora M. Ben-Sorek
Deputy County Attorney

cc:   Rob Rickner, Esq. (Via ECF)